William MCDOUGAL, as Conservator and on behalf of Howard D. Garrison, Plaintiff–Appellee,

v.

Edward M. WILLIAMS, individually and as an officer of the City of Hendersonville Police Department; James Bachman, individually and as an officer of the City of Hendersonville Police Department; Defendants–Appellants,

David KEY, et al., Defendants.

No. 03–5694.

United States Court of Appeals, Sixth Circuit.

Oct. 22, 2003.

Before MARTIN and SUTTON, Circuit Judges; and MILLS, District Judge.*

*ORDER*

The plaintiff brought this civil rights action for excessive force in arrest and deliberate indifference to medical needs. The two remaining individual defendants appeal the denial of their motion for summary judgment on the basis of qualified immunity. The plaintiff moves to dismiss this appeal on grounds that the defendants

* The Honorable Richard Mills, United States District Judge of the Central District of Illinois, sitting by designation.

seek review of a purely factual issue, the appeal of which is precluded under *Johnson v. Jones*, 515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995), and succeeding cases. The defendants respond in opposition. In reviewing the jurisdictional issue, the court has the benefit of the proof briefs that have been filed by both the defendants and the plaintiff. *See* Sixth Circuit Rule 28(a).

An order denying qualified immunity insofar as its raises a question of law is an immediately appealable collateral order. *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). However, *Mitchell* notwithstanding, a determination that the summary judgment record poses a genuine issue of fact concerning a defendant officer's involvement in an alleged constitutional violation is not an appealable decision. *Johnson v. Jones*, 515 U.S. at 313. In *Johnson*, the individual officers argued on appeal that the plaintiff could point to no evidence that they had beaten him or been present during the event in question. Such a "we didn't do it" case, said the Court in *Johnson*, does not come within the policy considerations in support of an immediate appeal, but rather poses the everyday issue of "the existence, or non-existence of a triable issue of fact." 515 U.S. at 316.

The Court restated the rule in a subsequent decision: "if what is at issue in the sufficiency determination is nothing more than whether the evidence could support a finding that particular conduct occurred, the question decided is not truly separate from the plaintiff's claim" and thus is not immediately appealable. *Behrens v. Pelletier*, 516 U.S. 299, 313, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996). But the denial of a summary-judgment motion that "necessarily determine[s] that certain conduct ... constituted a violation of clearly estab-

lished law" is appealable even if disputed issues of fact remain. *Id.*

In a case presenting an issue of excessive force, a legal question can be presented. Thus, "whether the uncontested facts demonstrate[ ] a constitutional violation is a pure question of law—and one from which an immediate appeal can be taken where qualified immunity has been denied." *Turner v. Scott*, 119 F.3d 425 (6th Cir.1997). To assert jurisdiction, however, the appealing officer must accept the plaintiff's version of the facts as true. *Id.; see also Phelps v. Coy*, 286 F.3d 295 (6th Cir.2002) (even though appellant failed to limit his argument to questions of law in taking the facts in the light most favorable to the plaintiff he did raise other legal issues independent of the disputed facts.)

With this jurisdictional test in mind, the court has reviewed the motion to dismiss, the response, the district court's opinion, and the defendants' proof brief. The plaintiff claims excessive force was employed in his arrest, specifically through a blow delivered to the front of his head. The arresting officer denies making the blow. The district court construed the plaintiff's evidence in a light most favorable to him and could not conclude that the amount of force allegedly used—a blow to the front of the head with a blunt instrument—was objectively reasonable. On appeal, the defendants argue the evidence will not support a conclusion that the arresting officer struck the plaintiff in the head. While this may or may not be true, it is simply not an issue that this court may entertain for an interlocutory appeal. The fact that this arises in the context of a qualified-immunity ruling makes no difference. The arresting officer, and by implication the assisting officer, essentially argue that "they didn't do it," an issue that *Johnson v. Jones* advises is not to be considered on interlocutory appeal. We

can find no legal argument articulated in the defendants' brief or in the response to the motion to dismiss.

Therefore, the motion to dismiss this appeal hereby is **GRANTED**.